We'll hear United States v. Jenkins. Good morning, Your Honors. My name is Herbert Grieman. I am here on behalf of Mr. Jenkins. Your Honors, Mr. Jenkins has already been convicted and is serving a sentence of life without the possibility of parole. He is about to start trial in the Federal District Court, and at least five of the counts, we believe, are affected by the prior conviction. Prior to trial, prior to actually being here, counsel filed a motion to dismiss the indictment, at least certain counts of the indictment, based upon the fact of the Barca's exception to the dual sovereignty rule. You said at least some of the counts. Well, which ones did you move to? Dismiss the indictment in whole? Are you appealing the denial of the motion to dismiss the indictment in whole? Your Honor, we would have to concede that, based upon our review of the indictment, the accounts 1, 2, I think 45 and 46 likely would not be affected by a ruling. Even if some of the counts were stricken on double jeopardy grounds, there would still be a trial? There would be a trial, Your Honor, on probably less significant charges. The five counts which would be dismissed would be two counts of murder in aid of racketeering, two counts of discharging a firearm with respect to a crime of violence. And what is that crime of violence other than the murders, just so that I know? That's the murder, Your Honor. The two murders, Your Honor. I thought you were saying, though, that he would be charged on that, that that count would go forward. No, Your Honor, that would not go forward. Count 2 would not go forward. I'm sorry, Your Honor. Counts 19, 20, 21, 22, and 23 would not go forward. Counts 1, 2, 45, and 46 would go forward, Your Honor. Right. Count 1 is RICO conspiracy, and you're saying it should go forward on predicate acts other than the murders. Count 2 is possession of firearms in furtherance of a crime of violence, right? That's correct, Your Honor. What's the crime of violence? That's charged as a racketeering conspiracy, Your Honor, and there's various counts of or charges of violence, including the murders of— But what is the predicate, the violent predicate, other than murder, other than the murders you want excluded? I'm not asking this—I'm asking purely for informational reasons. Your Honor, I don't know the answer off the top of my head, but I can get it to you in a couple seconds if I could. The court, in support of the motion to dismiss the indictment, counsel attached an affidavit of Mr. Jenkins, former counsel, the attorney who represented him in the state court, and in support of the motion, Mr. Ciricino, Dominic Ciricino, sent out what I believe to be a plethora of information with respect to what took place in the local court vis-a-vis the federal government's intervention and what we believe to be the control of the prosecution. As a matter of fact, attached to the affidavit were numerous excerpts of transcripts of meetings, which counsel had with the trial judge, who also expressed her feelings of distaste, I suppose is the best way to put it, for what was going on, for the fact that the state prosecutors had to rely on information from the federal government, which was not forthcoming or which was not forthcoming in a timely fashion. As a matter of fact, there had been one witness who had testified and who had been cross-examined, and at a later time, the federal government revealed that there was additional information, which was turned over to the state prosecutor. There's lots of precedent that makes clear that the Bartkes exception applies, despite the fact that the federal and state authorities cooperated, that they were playing a role in each other's investigations. What the law does not tolerate is using the state prosecution as a tool or a mere sham or cover for federal authorities so that they get two bites at the apple. That might be an argument that we'd have to look at somewhat more carefully if the state prosecution had resulted in a favorable disposition for your client and now the feds were trying to get the second bite. But your client, as you pointed out at the start, stands convicted and is facing life imprisonment. So whatever reasons the federal government has for looking for further charges against him, all they're going to do is prove the charge that he's guilty of murder, probably with the evidence from the state, but then prove the added elements that are required for these federal crimes. They're assuming a greater burden. How does any of that smack of using the state as a tool or a sham or a cover? I just don't see it here. What am I missing? Judge, there's language in a number of cases, and I think that traditionally the language is that it's acting as a tool for the federal government or the prosecution is a sham, et cetera, et cetera. But there's additional language, which I think is important, when considering whether the exception to dual sovereignty applies. For example, in the United States v. Davis, the court added, they talked about the language that Your Honor had mentioned, and this court said nothing prevents a federal prosecution whenever the state proceedings have not adequately protected the federal interest. And that had never been addressed by anybody. You want to say that again? Yes, Your Honor. I read from the case. They have not adequately protected the federal interest. What's the federal interest in the state? The federal interest in the federal prosecution, Judge, is this prosecution. Well, I understand. But the federal interest, one would think, in terms of prosecuting Andre Jenkins in the state case would have been to put him in jail for the rest of his life, which is exactly where he is. So the question really comes down to— Do you have a case that says that's the test? I don't think you do. You mean specifically, Your Honor? Put him in jail for the rest of his life is the federal interest. Therefore, any time a state prosecutes somebody and puts them in jail for the rest of his life, the feds can't bring, I don't know, a tax prosecution to try to sweep up the money that was involved or whatever else you've got. You can't say that's the federal interest. But the question is, what is the federal interest? What is the federal interest in this prosecution? In prosecuting racketeering enterprises, your client is alleged, according to the federal government, not simply to have committed murders, but to have done it in furtherance of a racketeering enterprise along with a host of other crimes. I don't think you can deny that that's a legitimate federal interest. I think, Your Honor, that if you look at the first count of the indictment, which is a racketeering charge, and you look at the—it's interesting because there is a racketeering conspiracy charge. It's not a substantive racketeering, but the government chose to put in overt acts which traditionally are not included in a conspiracy, in a racketeering conspiracy, because they're not necessary. Twenty-two of the— Predicate acts or overt acts? Overt acts, Your Honor. Overt acts are not necessary in a RICO conspiracy. Twenty-two out of the 26 overt acts, I believe that that's the number, are the murders which occurred which were the basis for the state prosecution. Twenty-two out of the 26. I think it can hardly be said that there is a federal interest in putting this man in jail again for life without the ability of parole a second time when he's already there as a result of the first prosecution. And what happens if he succeeds in getting his state prosecution overturned on appeal? Well, if that happens, Your Honor, then the court might be correct. As a matter of fact, Judge Wolford in the district court raised that as an issue. She showed that we don't represent him on the appeal. He has a public defender representing him on appeal on the state charges, and that appeal, even though it's close to three years now, at least two and a half years now— What law suggests that in order for the Bartkus exception to apply, the state prosecution has to be vacated or reversed? I'm not familiar with that way of analyzing Bartkus. I don't know that there is any rule that says that, Your Honor. Now, the district court made a finding here that there wasn't an impermissible collusion between the federal and state governments. That's a finding of fact. I understand the charge of error that you're making is that you were entitled to a hearing. So is that what this all reduces to, is that we would defer to the district court's judgment except you're saying you were entitled to a hearing? That's correct, Your Honor. The appeal does not directly deal with the issue of whether we could show in the district court that the exception to the dual sovereignty rule applies because we never had the opportunity to show what we needed to show. That raises the question, because we have upheld district court decisions not to hold hearings on these matters, of what is it you proposed to elicit? Your Honor, forgive me for reciting to the brief, Judge. Not at all. But at page 10 of the appellant's brief, in the middle of the page, it starts off that we had asked for any and all communications between the government members of the office of the Niagara County DA's office, and then we listed, I think, eight separate questions that we wanted to have answered, and then we wanted to have a hearing based upon the fact that we believed that upon the prior counsel's affidavit that a substantial likelihood or a substantial showing had been made, and that these questions were material to ultimately determining what happened. You know, one thing that happened here. You concluded that all you'd shown was cooperation. So I'm not sure that that, that your showing is enough to support what is a pretty, you know, expansive fishing expedition into every communication between the federal and state authorities. I mean, where all you've come forward with is cooperation. I'm not sure I see error by the district court. What do you want to say to that? Your Honor, if you look at the affidavit by former counsel, and if you look at the comments made, if we look at the comments made by Judge Sheldon in the Niagara County court, it's clear that something was going on. It's clear that the federal government was doing something in order to see which way this prosecution was going to go. And I think you're right, Judge. You can look at it and say. That may go which way it was going to go first. That's correct. There's nothing impermissible about that. They both have their separate interests, but they are making a decision as to who would go first. Well, and that's one of the big questions, Your Honor, because in the back of this case. No, the answer to that. They decided the state would go first. Well, in the back of this case, Your Honor, the government has offered to prove in its direct case, actually to offer the certificate of conviction in the state case against them directly in the federal case. Now, that's an issue that's still up in the air, but the question is, how much easier does that make the state prosecution? The state or the federal? The federal. I'm sorry. Forgive me, Your Honor. You're right. The federal prosecution. How much easier if that certificate of conviction went in, and if, in fact, the federal government wanted this prosecution so that they could gain the ability to offer the certificate of conviction? I think that there is a big question here, Your Honor. Not without the state proving him guilty beyond a reasonable doubt. That's correct. So to that extent, I'm not sure you can show any improper action when there are two sovereigns, each with a burden to prove guilt beyond a reasonable doubt, and they decide one will go first and the other will offer the certificate. Your Honor, I can only say this. We made a showing, and I believe a substantial showing, through the affidavit as to things that were happening in control of the state prosecution by the federal authorities. We believe that we showed it, and we believe that the eight or nine questions that we put to the court or asked the court to put to the government were material to that determination. Your Honor, the bottom line is, Judge, and I think that we say it in the brief, is that if we don't have this ability to do that, there is no way that I can think of that a defendant could show that the exception in Barker's applies. That's the problem here. There haven't been a lot of courts which have ordered that a hearing be conducted or that these questions be answered, and that's traditionally because it's based on just about nothing. On one of the cases cited by the government, the court refused to conduct a hearing or to order anything further because the initial showing was based upon a press release and nothing else. This is something that is based upon the advocate for Mr. Jenkins in the state court and what he saw, what he observed, and what happened. And what winds up happening is- You have reserved rebuttal. We'll hear you then, sir. I'll sit down, Your Honor. Yes. Thank you, Your Honor. May it please the court, my name is Joseph Karaszewski. I represent the United States on this appeal. Setting aside for a moment the jurisdictional issue, which we've set forth first in our brief, the question with regard to the double jeopardy violation or the alleged double jeopardy violation- Why don't you start, if you will, where Mr. Greenman left off? He says if you can't question the government, how are you ever going to establish the Bartkus exception? Well, with regard to the Bartkus exception, and if I might back up one bit on that, the first question, which is dictated by the language of the Fifth Amendment, is whether the defendant is being put in jeopardy twice for the same offense. And that's the Blockburger test. And I don't think Mr. Greenman addressed at all the issue of whether this- what element of state- I mean, you have to have, to satisfy Blockburger, both the federal and the state crimes each have to have an element that the other does not require. My understanding of your RICO prosecution is that you're going to prove New York state murder full out. It's almost like it's a lesser included offense in your RICO allegation, which does not satisfy Blockburger. The RICO murder and activity related to the murders, these two murders, in the RICO conspiracy, those are some of the overt acts that were alleged in the indictment. To satisfy Blockburger, you agree with me that each of the two charges have to have an element that the other lacks. So what does New York murder require be proved? That murder is a RICO predicate, or murder is the violent crime with gun trafficking, or any of the others where it's the predicate, doesn't require you to prove. What I'm saying, Judge, is that the RICO conspiracy does not require proof of the murder at all. It can be proven, and Mr. Jenkins is- I understand that you don't have to prove it, but you've alleged it and you want to prove it. Yes. Okay. So, come again. What is the element in New York murder that is not an element in the federal crimes where you want to use murder as your predicate? Judge, if you say that the murder is an element of the conspiracy, then I have no answer to that. Is it an element of your guns and violent crime? It's an element of every one of the charges they want out. Well, certainly the- well, Judge, with regard to the state court murder- Well, I'm saying how Blockburger works. Oh, I understand. I do understand, Judge. How do you think you satisfy Blockburger? I think you satisfy Blockburger because you have an entirely distinct offense with regard to, say, count one, the RICO conspiracy. Right, but you need the New York state crime to be distinct, too. No, you don't. Well, but you don't need the New York state crime in the RICO conspiracy. It's just hypothet- or theoretically, Your Honor, and that's what we're talking about. We're talking about theoretically comparing elements here. And I understand what you're saying, Your Honor, about that, yes, we have alleged the murders in the conspiracy count, and we intend to prove the murders in the conspiracy count, but we don't have to. Because they're not an element. They're not an element. That's correct. But if you do, and the jury finds that you do, you'll have to prove everything that New York requires, right? Yes, but that would be kind of an after-the-fact question. Are the murders the violent crimes that support your weapons charges? I'm sorry, Your Honor, I didn't- Are the murders the violent crimes that support your weapons charges? Yes, Your Honor. There you will have to prove them, right? The murders? Yeah. Yes, with regard to the weapons. Not all the weapons charges. There's also a weapons charge. There's also a 924C that attaches only to the use of a premises. Those are not charges they're looking to dismiss. That's correct. Okay. Okay. Now, with regard to the cooperation, and really that's all it was, was cooperation between the federal government, and that's all that was shown, between the federal government and- And so you say, and no doubt that's true. On the other hand, your adversary points out that you're making it impossible for him to find out or to demonstrate it. Except Mr. Trippi's affidavit, the AUSA who is the trial AUSA in this case, he set forth in his affidavit the fact that he was not present. He did not participate in the state prosecution. As a matter of fact, the state- Does that have to be accepted? But the judge can accept it. And the judge has wide discretion in making a determination as to whether she needs to hold a hearing or not. Mr. Greenman is saying, he says X, that he never met or he wasn't in the room or whatever. I want to see records in order to test that assertion. But that didn't, what Mr. Trippi said in his statement, that didn't, that didn't, there was, the judge has broad discretion. And that's the bottom line with regard to the demand for a hearing here. The demand for a hearing, if the judge, and this court has said in a number of contexts, including this, that the court has the discretion to make a determination as to whether a hearing is required or not. Now here the judge looked at an affidavit from one of the attorneys that represented Mr. Jenkins in the state court. Looked at Mr. Trippi's affidavit. Mr. Trippi saying that I, look what happened here and the circumstances of murder occurred on September 6th of 2004. By October, I'm sorry, 2014. By October 30th of 2014, that was already indicted in the state court. And during that period of time, Mr. Trippi was involved in another trial in federal court. He got married. He went on his honeymoon. I mean, all this, all this militates against a determination that the government, that the federal government was pulling the strings in state court. When that indictment followed two months or seven weeks after the murder occurred. The government's investigation, the federal investigation was much more involved. Involved certainly in the commission of these murders in furtherance of the RICO conspiracy. And by Mr. Jenkins to maintain or to further his position in the RICO enterprise. Sole defendant in this case. Mr. Jenkins? Oh no, there are. No, there are. The trial scheduled for next week currently has four, at least five defendants, including Mr. Jenkins. Mr. Greenman can correct me if I'm wrong. The defense raised a question about there being a legitimate federal interest in prosecuting a man who's serving a life sentence. Your answer is? Well, I would say, first of all, that sentence, that state conviction is not final. As your Honor noted, that there is still an appeal pending. And if that conviction, state conviction is reversed on appeal, certainly the government interest or the federal government interest in prosecuting this case becomes stronger. But it's strong nonetheless. You have a situation where you have this RICO enterprise. You have, as you said, Judge Raji, the interest in the government, the interest in the federal government, in prosecuting racketeering acts and racketeering conspiracies and murder in aid of racketeering here. So if there's nothing else from the court, we'll rest on our brief and this court should. Mr. Karaszewski, just to make clear, the trial is going forward? The trial is going forward. Judge Jenkins in the courtroom as a defendant. That is correct. And in fact, the district judge, Judge Wolford, did in fact issue an order saying, I'm retaining jurisdiction. This appeal is frivolous. Certainly that doesn't bind this court. But she made that determination. And as far as I understand it, the defense certainly hasn't moved this court to stay the district court trial. And that is going forward. Jury selection starts on Tuesday. Thank you. Mr. Greenman. Very briefly. Your Honor, just a couple things that Mr. Karaszewski said. First of all, we have the affidavit of Mr. Trippi. And I know Mr. Trippi. But the problem that you have here is that he keeps saying Mr. Trippi was on vacation, Mr. Trippi was getting married. But in the record in this case, there were two other prosecutors. It wasn't just Mr. Trippi. It was Mr. Petzel and Mr. Campana, both seasoned prosecutors. But we heard nothing from them. And we certainly heard nothing from the state district attorney with regard to what her position was and how she perceived what was going on. Which a hearing would have resolved. So, you know, the bottom line here is that... What is our holding, Mr. Greenman, so that judges don't... that tells judges what it is Judge Walford did that was an abuse of discretion? Your Honor, I think that... We need one? Well, I think that, Your Honor, it's frankly admittedly a case-by-case determination. And what we think is that what we've done here, more so than virtually all of the other cases, if not all of the other cases where discovery was denied, was that we made a substantial showing, more than anybody else has really ever done previously. So I don't think, Your Honor, that it can be a bright line or a holding that you can say that this is what you need to prove, because I think it would be impossible for the court to do. But I do think that the court certainly is in a position to say, under these circumstances, the showing made in this case was substantial enough, and certainly the questions that we wanted answered were certainly material to the ultimate question. Thank you, Your Honors. Thank you both. Reserve decision.